1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

12

REYNALDO AQUINO,                                )
                                                )
13          Petitioner,                          )          2:11-cv-01587-PMP-RJJ
                                                )
14   vs.                                         )
                                                )          **ORDER**
15   DWIGHT NEVEN, *et al.,*                     )
                                                )
16          Respondents.                         )
                                                /
17

18          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a

19   state prisoner, is proceeding *pro se*. On December 6, 2011, the court issued an order denying petitioner's

20   motion to proceed *in forma pauperis* and requiring petitioner to pay the full filing fee of $5.00.  On

21   February 7, 2012, the court dismissed the petition without prejudice because of petitioner's failure to

22   pay the required fee.  Before the court is petitioner's motion for an extension of time to file a motion for

23   reconsideration (ECF No. 7) and motion for reconsideration (ECF No. 8).

24          Where a ruling has resulted in final judgment or order, a motion for reconsideration may be

25   construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

26   59(e), or as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *School*

*Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

First, the court construes petitioner's motion for reconsideration as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b)(6).  Pursuant to Fed. R. Civ. P. 60(c), a motion under Fed. R. Civ. P. 60(b)(6) must be filed within a reasonable time.  In this case, petitioner filed his motion thirty-five days after the court dismissed his petition and entered judgment.  The court concludes that this is a reasonable time, and thus, petitioner's motion for reconsideration is timely filed.  Accordingly, the court denies petitioner's motion for an extension of time as moot.

Second, petitioner argues in his motion for reconsideration that he took all steps necessary to

1  ensure that the filing fee was deducted from his prison account and sent to the court. Petitioner provides

2  documentation showing that funds were taken from his account and that a check was submitted to the

3  court. Upon review of its records, the court has determined that a clerical error resulted in petitioner's

4  filing fee having not been recorded. Accordingly, the court grants petitioner's motion for

5  reconsideration.

6      **IT IS THEREFORE ORDERED** that petitioner's motion for an extension of time to file a

7  motion for reconsideration (ECF No. 7) is **DENIED as moot.**

8      **IT IS FURTHER ORDERED** that petitioner's motion for reconsideration (ECF No. 8) is

9  **GRANTED**. The court's dismissal order and judgment (ECF Nos. 4 and 6) are hereby **VACATED**.

10     **IT IS FURTHER ORDERED** that the clerk **SHALL DOCKET** petitioner's filing fee payment,

11  receipt number NVLAS008394.

12     **IT IS FURTHER ORDERED** that the clerk shall **ELECTRONICALLY SERVE** the petition

13  (ECF No. 5) upon the respondents. A petition for federal habeas corpus should include all claims for

14  relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be

15  forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive

16  petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of

17  that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

18     **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from entry of

19  this order within which to answer, or otherwise respond to, the petition. In their answer or other

20  response, respondents shall address any claims presented by petitioner in his petition as well as any

21  claims presented by petitioner in any statement of additional claims. Respondents shall raise all

22  potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and

23  procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed,

24  respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the

25  United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-**

26  **five (45) days** from the date of service of the answer to file a reply.

1    **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General

2    of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration

3    by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the

4    date that a true and correct copy of the document was mailed to the Attorney General.  The court may

5    disregard any paper that does not include a certificate of service.  After respondents appear in this action,

6    petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

7    **IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be

8    filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF

9    attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the

10    exhibits in the attachment.  **The hard copy of any additional state court record exhibits shall be**

11    **forwarded – for this case – to the staff attorneys in Reno.**

12

13    DATED this _ 11th day of April, 2012.

14

15    _____
       UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

4