1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   REYNALDO AQUINO,                    )
                                        )
8          Petitioner,                  )         2:11-cv-01587-PMP-RJJ
                                        )
9   vs.                                 )
                                        )         **ORDER**
10  DWIGHT NEVEN, *et al.,*             )
                                        )
11         Respondents.                 )
    _____/

12

13          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 11, 2012, the

14  court issued an order that, among other things, directed respondents to be served with the petition

15  electronically and ordered respondents to file an answer, or other response, to the petition within forty-

16  five days. (ECF No. 9.) On July 16, 2012, petitioner filed a notice advising the court that respondents

17  had failed to file a response within the allotted time. (ECF No. 11.) On July 18, 2012, the court issued

18  an order requiring respondents to show cause why they should not be sanctioned for failing to file a

19  response to the petition and requiring respondents to file a response within twenty days. (ECF No. 13.)

20  That same day, respondents filed a response to the court's order to show cause. (ECF No. 14.)

21          Respondents state that they were unable to confirm through their own records whether they were

22  electronically served with the petition as directed by the court. According to respondents, it appears they

23  were never served with the court's April 11, 2012 order, and consequently, they were unaware of their

24  obligation to file a response. Having reviewed its electronic records in this case, the court has confirmed

25  that although its order directed respondents to be served electronically, the records show that service was

26  not actually accomplished. Accordingly, because respondents' failure to file a response occurred

1  through no fault of their own, sanctions are inappropriate.  Additionally, in the interest of fairness, the

2  court extends the period within which respondents must file their response to the petition.

3      **IT IS THEREFORE ORDERED** that the twenty-day time period for a response to the petition

4  in the court's June 18, 2012 order is **HEREBY VACATED.**

5      **IT IS FURTHER ORDERED** that the clerk shall **ELECTRONICALLY SERVE** the petition

6  (ECF No. 5) upon the respondents.

7      **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from entry of

8  this order within which to answer, or otherwise respond to, the petition.  In their answer or other

9  response, respondents shall address any claims presented by petitioner in his petition as well as any

10  claims presented by petitioner in any statement of additional claims. Respondents shall raise all

11  potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and

12  procedural default. **Successive motions to dismiss will not be entertained**.  If an answer is filed,

13  respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the

14  United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-**

15  **five (45) days** from the date of service of the answer to file a reply.

16      **IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be

17  filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF

18  attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the

19  exhibits in the attachment. **The hard copy of any additional state court record exhibits shall be**

20  **forwarded – for this case – to the staff attorneys in Reno.**

21

22

23      DATED this __ 20th day of July, 2012.

24

25  _____
    UNITED STATES DISTRICT JUDGE

26