

FILED

MAR 1  2013

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

1
2
3
4
5
6 # UNITED STATES DISTRICT COURT
7 ## DISTRICT OF NEVADA
8
9 REYNALDO AQUINO,
10      Petitioner,                    Case No. 2:11-cv-01587-PMP-NJK
11 vs.                            **ORDER**
12 DWIGHT NEVEN, et al.,
13      Respondents.
14
15      Before the court are the petition for a writ of habeas corpus (#5), respondents' motion to
16 dismiss (#16), petitioner's opposition (#25), and respondents' reply (#26). For the reasons stated
17 below, the court grants the motion in part.
18      After a jury trial in state district court, petitioner was convicted of conspiracy to commit
19 robbery with the use of a deadly weapon (count 1), attempted robbery with the use of a deadly
20 weapon (count 2), and attempted murder with the use of a deadly weapon (count 3). Ex. 30 (#18).
21 Petitioner appealed. The Nevada Supreme Court affirmed on most issues. It reversed and remanded
22 for the district court to enter an amended judgment of conviction for two reasons. First, the Nevada
23 Supreme Court determined that imposition of the deadly-weapon enhancement of Nev. Rev. Stat.
24 § 193.165 for the crime of conspiracy to commit robbery with the use of a deadly weapon was
25 incorrect. Second, the Nevada Supreme Court wanted the district court to clarify how the sentences
26 for the three counts ran concurrently and consecutively. Ex. 48, at 14-16 (#19).
27      The district court then entered an amended judgment. It corrected the sentence for count 1.
28 It directed that the sentence for counts 2 and 3 run consecutive to each other and concurrently with

1   count 1. The court gave petitioner 498 days of credit for time spent in jail before the original

2   sentencing. Ex. 54 (#19).

3        Petitioner then filed a post-conviction habeas corpus petition in state district court. Ex. 56

4   (#19). The district court denied the petition. Ex. 70 (#20). Petitioner appealed, and the Nevada

5   Supreme Court affirmed. Ex. 87 (#20).[1]

6        Respondents first argue that ground 5 and part of ground 1 are unexhausted. Before a

7   federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the

8   remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner

9   must fairly present that ground to the state's highest court, describing the operative facts and legal

10  theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry,

11  513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

12       "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state

13  remedies only if he characterized the claims he raised in state proceedings specifically as federal

14  claims. In short, the petitioner must have either referenced specific provisions of the federal

15  constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.

16  2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law that

17  applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158

18  (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is

19  insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles,

20  such as due process, equal protection, and the right to a fair trial, are insufficient to establish

21  exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

22       Ground 1 has two parts. In ground 1(1), petitioner claims that the jury instruction on

23  attempted robbery created an improper, mandatory presumption. This part is exhausted. In ground

24  1(2), petitioner claims that jury instruction 14 on attempted murder fails to adequately describe the

25  state-of-mind element, because it told the jury that they did not need to find premeditation and

26

27  ——————————

28  [1]Petitioner also filed motions to modify his sentence and to correct an illegal sentence. Ex.
60, 62 (#20). These motions are not relevant to the matter before the court.

1   deliberation.  Respondents argue that on direct appeal, petitioner did not present this as an issue of

2   federal law.  Respondents are correct.  In support of his argument, petitioner cited two state-law

3   cases, Graves v. State, 420 P.2d 618 (Nev. 1966), and Ramos v. State, 592 P.2d 950 (Nev. 1979).

4   See Ex. 43, at 11 (#19).  In rejecting petitioner's argument, the Nevada Supreme Court noted that in

5   Keys v. State, 766 P.2d 270, 273 & n.1 (Nev. 1988), it had clarified some confusion created by

6   Graves and had held that premeditation and deliberation are not elements of attempted murder and

7   that there are no degrees of attempted murder.  Ex. 48, at 6-7 (#19).  Keys also is a state-law case.

8   Petitioner has not exhausted ground 1(2).

9          In ground 5, petitioner claims that the sentence structure (counts 2 and 3 run concurrent with

10  count 1, but consecutive to each other), violates the Sixth Amendment's right to a fair trial and the

11  Fourteenth Amendment's guarantee of due process.  Petitioner did not present this issue to the

12  Nevada Supreme Court as an issue of federal law.  Ex. 43, at 5-6 (#11).  He mentioned "due

13  process" at the start of that section of his fast-track statement, but he did not explicitly mention the

14  federal constitution.  The mention of "due process" is not sufficient to make the claim an issue of

15  federal law.  Hiivala, 195 F.3d at 1106.

16         Petitioner asks the court to stay this action while he returns to state court to exhaust these

17  grounds.  This court may stay the action if petitioner shows that he has "good cause for his failure to

18  exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the

19  petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269, 278

20  (2005).  The court declines the request and will deny the grounds pursuant to 28 U.S.C.

21  § 2254(b)(2) because they lack merit.

22         As noted above, ground 1(2) concerns jury instruction 14, which stated, "It is not necessary

23  to prove the elements of premeditation and deliberation in order to prove attempted murder."  Ex.

24  27 (#18).  Petitioner claims that this jury instruction allowed the jury to find him guilty without

25  finding beyond a reasonable doubt the elements of premeditation and deliberation.  In Keys, the

26  Nevada Supreme Court held that there are no degrees of attempted murder and that premeditation

27  and deliberation are not elements of attempted murder.  766 P.2d at 273 & n.1.  Petitioner

28  committed his acts on November 20, 2006, almost 18 years after the Keys decision.  See Ex. 10

-3-

1  (#17). Because premeditation and deliberation are not elements of attempted murder, the instruction

2  was correct. Ground 1(2) is without merit.

3         Concerning ground 5, petitioner has not raised an issue of federal law. "The decision

4  whether to impose sentences concurrently or consecutively is a matter of state criminal procedure

5  and is not within the purview of federal habeas corpus." Cacoperdo v. Demosthenes, 37 F.3d 504,

6  507 (9th Cir. 1994) (citing Ramirez v. Arizona, 437 F.2d 119, 120 (9th Cir. 1971)). Ground 5 is

7  without merit.

8         Respondents argue that ground 6 is procedurally defaulted. Much of ground 6 repeats

9  allegations in ground 5. Petitioner also alleges in ground 6 that the amended judgment of conviction

10  doubled his sentence. Petitioner raised this claim in his state habeas corpus proceedings. On

11  appeal, the Nevada Supreme Court ruled:

12         Finally, appellant claimed that his due process rights were violated because the amended
       judgment of conviction increased his sentence after he had already begun serving it. This
13     claim could have been raised on direct appeal and was therefore procedurally barred absent a
       demonstration of good cause and actual prejudice. NRS 34.810(1)(b). Appellant
14     demonstrated good cause because the amended judgment of conviction was filed after
       issuance of the remittitur on his direct appeal; however, appellant failed to demonstrate
15     actual prejudice because the amended judgment of conviction did not increase his sentence.
       See Sullivan v. State, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004). We therefore conclude
16     the district court did not err in denying this claim.

17  Ex. 87, at 2-3 (#20) (footnote omitted).

18         A federal court will not review a claim for habeas corpus relief if the decision of the state

19  court regarding that claim rested on a state-law ground that is independent of the federal question

20  and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

21         In all cases in which a state prisoner has defaulted his federal claims in state court
       pursuant to an independent and adequate state procedural rule, federal habeas review
22     of the claims is barred unless the prisoner can demonstrate cause for the default and
       actual prejudice as a result of the alleged violation of federal law, or demonstrate that
23     failure to consider the claims will result in a fundamental miscarriage of justice.

24  Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon

25  which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang

26  v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003).

27

28

-4-

1    To demonstrate cause for a procedural default, the petitioner must "show that some objective

2    factor external to the defense impeded" his efforts to comply with the state procedural rule. Carrier,

3    477 U.S. at 488.

4    To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial

5    created a possibility of prejudice, but that they worked to his actual and substantial disadvantage,

6    infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting

7    United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

8    The court disagrees with petitioner that the Nevada Supreme Court ruled on the merits of

9    this claim. Although the Nevada Supreme Court did discuss the merits, that discussion was in the

10   context of whether petitioner suffered prejudice from the procedural bar. A discussion of the merits

11   in the analysis of cause and prejudice is not a determination on the merits. Moran v. McDaniel, 80

12   F.3d 1261, 1269 (9th Cir. 1996). Ground 6 is procedurally defaulted.

13   Petitioner cites Martinez v. Ryan, 132 S. Ct. 1309 (2012), as cause to excuse the procedural

14   default. The holding in Martinez is very limited. "Inadequate assistance of counsel at initial-review

15   collateral proceedings may establish cause for a prisoner's procedural default of a claim of

16   ineffective assistance at trial." Id. at 1315. Ground 6 is not a claim of ineffective assistance of trial

17   counsel. Consequently, Martinez is inapplicable.

18   Petitioner does not argue in this court that he suffered any prejudice. Nonetheless, this court

19   agrees with the Nevada Supreme Court's determination. At the sentencing hearing, the trial judge

20   stated, "I'm going to run Count one concurrent to Count two; Count two consecutive to Count

21   Three, Count One concurrent to Count Three as well." Ex. 29, at 8 (#18) (emphasis added). Then,

22   the judge stated, "Two and three are consecutive. Everything—Count one's concurrent to two and

23   three." Id. However, the original judgment of conviction stated that count 2 would run concurrent

24   with count 1 and that count 3 would run concurrent with count 1 and consecutive to count 2. Ex.

25   30, at 2-3 (#18). The sentencing hearing indicated that count 2 would run consecutive to count 3,

26   and the judgment indicated that count 3 would run consecutive to count 2. The Nevada Supreme

27   Court did not remand because it determined that consecutive sentences were improper. The Nevada

28   Supreme Court remanded for the district court to clarify which sentence runs first. See Ex. 48, at

1   14-15 (#19).  The amended judgment of conviction cleared up the matter.  See Ex. 54 (#19).  The

2   crux of the matter is that the district judge always intended petitioner to serve consecutive sentences

3   on counts 2 and 3, even if the sentencing hearing and the original judgment were confusing.  The

4   amended judgment did not increase the amount of time that petitioner will spend in prison.

5           Petitioner is confused how counts 2 and 3 can run concurrently with count 1 and consecutive

6   to each other, but the district court structured the sentences that way for petitioner's benefit.

7   Petitioner stated himself in his fast-track statement on direct appeal, "[B]y ordering Count 2 and

8   Count 3 to run concurrent with Count 1, the district court gave Reynaldo credit for time served on

9   all counts as allowed under [Johnson v. State, 89 P.3d 669 (Nev. 2004)]."  Ex. 43, at 6 (#19).  See

10  also Nev. Rev. Stat. § 173.055(1).  The 498 days of credit for time spent in jail applies to the

11  sentences for count 1, count 2, and, when he begins serving it, count 3.  If the trial judge ordered

12  counts 1 and 2 to run concurrently and count 3 to run consecutively to counts 1 and 2, then

13  petitioner would not have received 498 days of credit at the start of his sentence for count 3.

14  Petitioner has suffered no prejudice from the procedural default of ground 6, and the court dismisses

15  that ground.

16          Respondents argue that ground 8 is conclusory.  In ground 8, petitioner claims that trial

17  counsel should have investigated the origin of a microscopic particle of lead barium and antimony

18  that was found on petitioner's hand.  Petitioner presented this ground in his state habeas corpus

19  petition.  On appeal, the Nevada Supreme Court ruled:

20          Appellant next claimed that he received ineffective assistance of trial and appellant counsel
            for their respective failures to investigate trace physical evidence found on appellant's hands.
21          Appellant failed to support these claims with specific facts that, if true, would have entitled
            him to relief.  Hargrove v. State, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (holding that
22          "bare" or "naked" claims are insufficient to grant relief).  We therefore conclude the district
            court did not err in denying these claims.
23

24  Ex. 87, at 2 (#20).  That is a ruling on the merits, and it is sufficient for this court to determine

25  whether the ruling was a reasonable pursuant to 28 U.S.C. § 2254(d)(1).  The court will not dismiss

26  ground 8.

27

28

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#16) is **GRANTED** in part. Grounds 1(2) and 5 are unexhausted, and they are **DISMISSED** with prejudice because they lack merit. Ground 6 is **DISMISSED** with prejudice because it is procedurally defaulted.

IT IS FURTHER ORDERED that respondents shall file and serve an answer or other response to the remaining grounds within forty-five (45) days after entry of this order. The answer shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that petitioner shall have forty-five (45) days from the date on which the answer is served to file and serve a reply.

DATED:   March 13, 2013.

_____
PHILIP M. PRO
United States District Judge